UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER, CDCR #K-19763,<br><br>                              Plaintiff,<br><br>   vs.<br><br>ESCALERA, Correctional Officer,<br><br>                              Defendant. | Case No.  3:25-cv-00718-AJB-DDL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**(Doc. No. 2)** |

Plaintiff Claudie Tyler, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) Tyler claims a RJD correctional officer violated his Eighth Amendment rights and committed an act of "racial prejudice" when he filed "false paperwork" alleging to have found alcohol in Tyler's cell on September 7, 2024. (*Id.* at 3–4.) Tyler did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.)

Because Tyler has had more than three prior civil actions dismissed as frivolous, malicious, or for failing to state a claim and does not allege to have faced imminent danger of serious physical injury at the time of filing, the Court **DENIES** Tyler's Motion to Proceed IFP and **DISMISSES** this civil action without prejudice.

## I.     IFP MOTION

### A.     Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Tyler, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

///

---

[1] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to . . . persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14) (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.  Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as this Court's dockets show Tyler is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Tyler's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice

of its own records in other cases, as well as other courts' records). The following records sufficiently show Tyler has five qualifying strikes:

(1) *Tyler v. Gomez*, No. 3:22-CV-1906-DMS-DEB, 2023 WL 2567349, at *2 (S.D. Cal. Mar. 17, 2023) (Doc. No. 13) (Order dismissing second amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A);

(2) *Tyler v. Gomze, et al.,* No. 3:23-CV-00724-MMA-MSB (S.D. Cal. May 17, 2023) (Doc. No. 7) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and for failure to comply with Fed. R. Civ. P. 8); *id.* (S.D. Cal. Aug. 11, 2023) (Doc. No. 8) (Order dismissing civil action for failure to prosecute in compliance with Court Order);[2]

(3) *Tyler v. Vega, et al*., No. 3:2:23-CV-00451-JLS-JLB (S.D. Cal. Dec. 19, 2023) (Doc. No. 15) (Order dismissing second amended complaint for failing to state a claim without leave to amend pursuant to 28 U.S.C. § 1915A);

(4) *Tyler v. Lu*, No. 3:23-CV-2284-LL-SBC, 2024 WL 923784, at *3 (S.D. Cal. Mar. 4, 2024) (Doc. No. 7) (Order dismissing complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)); *id.* (S.D. Cal. June 12, 2024) (Doc. No. 8) (Order dismissing civil action for failing to prosecute in compliance with Court Order); and

(5) *Tyler v. Lewis*, No. 3:23-CV-2278-BAS-MMP, 2024 WL 3557454, at *5 (S.D. Cal. July 25, 2024) (Doc. No. 10) (Order dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)); *id.*, (S.D. Cal. Oct. 7, 2024) (Doc. No. 14) (Order dismissing action without prejudice for failure to amend).

Because Tyler accumulated these prior qualifying dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception.

---

[2] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

To do so, his pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires a claimed harm that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The alleged danger must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. Thus, § 1915(g)'s exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

A review of Tyler's Complaint shows it fails to include any allegations of imminent physical danger whatsoever. Instead, Tyler claims Officer Escalera discriminated against him based on race and falsely accused him of possessing alcohol in September 2024. (*See* Doc. No. 1 at 2–4.) These purely conclusory allegations do not plausibly suggest Tyler faced any serious threat of physical harm at the time he filed his Complaint six months later in March 2025. Consequently, he does not qualify for a § 1915(g) exception and may not proceed IFP in this case. *See Cervantes*, 493 F.3d at 1055; *Ray*, 31 F.4th at 701; *Martinez v. Sec'y of California Dep't of Corr. & Rehab.*, No. 1:22-CV-01170 GSA (PC), 2025 WL 393000, at *4 (E.D. Cal. Jan. 28, 2025) (finding no imminent danger of imminent physical injury where prisoner filed suit alleging a false rules violation report had been filed against him), *report and recommendation adopted*, 2025 WL 572995 (E.D. Cal. Feb. 21, 2025); *Byrd v. Dir. of Corr.*, No. 3:15-cv-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding access to courts and racial discrimination allegations insufficient to invoke § 1915(g)'s imminent danger exception); *K'napp v. Beard*, 2014 WL 584404, at *2 (E.D. Cal. Feb. 12, 2014) (finding conclusory allegations of "retaliation, harassment, indifference, discrimination, oppression and abuse" insufficient to qualify as "imminent danger" under § 1915(g)).

"The right to proceed *in forma pauperis* is not an unqualified one. [. . .] It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)

(citations omitted). Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

## II.   CONCLUSION

For the reasons explained, the Court:

(1)   **DENIES** Tyler's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2)   **DISMISSES** this civil action without prejudice based on Tyler's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

(3)   **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

(4)   **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the case.

**IT IS SO ORDERED**.

Dated:  April 21, 2025

Hon. Anthony J. Battaglia
United States District Judge